FLORINDA CAPUANO *vs.* METROPOLITAN LIFE INSURANCE COMPANY.

APRIL 9, 1937.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker, and Condon, JJ.

PER CURIAM. This is an action in assumpsit on an industrial life insurance policy in which the jury were directed

by the trial justice to return a verdict for the defendant. The case is before this court on the plaintiff's exception to this action of the court and on certain other exceptions to the admission and exclusion of evidence during the trial.

The same policy was before this court in *Capuano* v. *Boghosian*, 54 R. I. 489, where this plaintiff was the complainant. The present defendant was not a party in that case and therefore is not affected by that decision.

The facts are substantially the same as those appearing in our opinion in *Minuto* v. *Metropolitan Life Ins. Co.*, 58 R. I. 71, which we have just decided, and they raise the same decisive question of law. The insurer, the assured, and the executor of the assured's will, to whom the proceeds of the policy were paid by the insurer under the facility of payment clause in the policy, are the same in both cases. The policies in the two cases are alike, except for the amount of the insurance and the person to whom the policy was made payable, by change of beneficiary accepted by the insurer, subject to an identical facility of payment clause. In each case the same undertaker's bill is involved in the same manner. The plaintiff in each case is the beneficiary named in the policy.

For the reasons set forth by us in the *Minuto* case, we are of the opinion in the instant case that the payment, under the facility of payment clause, by the defendant to the executor, of the proceeds of the policy was not justified on the evidence as presented, and that therefore the direction by the trial justice of a verdict for the defendant was erroneous.

The question of whether a verdict should have been directed for the plaintiff is not open to us at this time, as the plaintiff in the instant case did not make any motion for a direction of verdict in his favor as did the plaintiff in the *Minuto* case. In view of the fact that a new trial must be granted, by reason of the erroneous direction of a verdict for the defendant, we do not deem it necessary or advisable

to discuss the exceptions of the plaintiff to rulings of the trial justice as to the admission or exclusion of evidence.

The plaintiff's exception to the direction of a verdict for the defendant is sustained, and the case is remitted to the superior court for a new trial.

*Florie De Simone, Ralph Rotondo,* for plaintiff.

*Tillinghast, Morrissey & Flynn, M. Walter Flynn,* for defendant.